UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNER CHANNING MCCOWAN,

    Petitioner,

v.

    Case No. 1:16-cv-1310

    HON. JANET T. NEFF

TONY TRIERWEILER,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the petition be denied (ECF No. 9). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 10). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner raises two grounds for relief in his habeas corpus petition. The Magistrate Judge found both to be without merit. Petitioner's objections do not demonstrate otherwise.

## I. Right to Present a Defense

Petitioner claims "that the trial court had violated his right to present a defense when it refused to allow Dr. Douglass Watt to testify either that Petitioner likely had suffered a concussion or that concussions typically affect an individual's behavior and memory in a variety of ways" (R&R, ECF No. 9 at PageID.1417). The Magistrate Judge concluded that the determination of this issue by the state court was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, citing *Nevada v. Jackson*, 569 U.S. 505 (2013), in which the Supreme Court noted that "'only rarely ha[s] [the Supreme Court] held that the right to present a complete defense was violated by the exclusion of any sort of defense evidence under a state rule of evidence'" (R&R, ECF No. 9 at PageID.1419, quoting *Jackson, id.* at 509). The Magistrate Judge observed that in *Jackson*, the Court "expressly cautioned courts sitting on habeas review against applying the general right to present a defense to circumstances not previously addressed by the Supreme Court," and overturned the grant of habeas relief because "the circuit court had too broadly construed the general right to present a defense …" (*id.* at PageID.1419).

Petitioner argues that the Magistrate Judge erred in relying on *Jackson* and "*Jackson* is easily distinguishable from this case" because "[t]he critical evidence disallowed by the trial court here was not collateral, and did not involve, as in *Jackson*, the conduct of another witness" (Pet'r Obj., ECF No. 10 at PageID.1437). Petitioner argues that in this case, the "evidentiary ruling was 'so egregious that it result[ed] in a denial of fundamental fairness ... and thus warrant[s] habeas relief'" (*id.* at PageID.1436, quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)). Petitioner asserts that "[t]he exclusion of the expert testimony of Dr. Watt deprived Petitioner of his principal defense because there was no 'equivalent evidence' admitted which would address the objective reasonableness of Petitioner's actions after he suffered the head injury" (*id.* at

2

PageID.1437). Petitioner asserts that the Magistrate Judge erroneously states "the concussion evidence 'was not related to the central issue of Petitioner having killed Singler or to the defense of self-defense,'" which was supported by Petitioner's own testimony (*id*. at PageID. 1437).

Petitioner's argument is unavailing. First, Petitioner's characterization of the evidentiary issue and circumstances is not in keeping with the record, which focused on Watt's testimony concerning concussions in particular, even though "it was never established that [Petitioner] was under the effect of a concussion when he stabbed the victim" (*see*, e.g., R&R, ECF No. 9 at PageID.1419, quoting the opinion of the Michigan Court of Appeals). Moreover, the Magistrate Judge did not rely on the specific factual circumstances in *Jackson*, but merely noted that in this case, as in *Jackson*, "Petitioner attempts to expand the right to present a defense to mandate the admission of the expert evidence desired by the defense," rather than to "challenge the application of an arbitrary rule or a rule that lacks a significant basis" (*id*. at PageID.1420).

The Magistrate Judge properly applied the governing legal standards for habeas relief and concluded Petitioner had not met those standards:

> As the court of appeals observed, the trial court applied a general balancing rule of evidence and determined that the expert witness' testimony was unduly speculative and would introduce undue confusion for the jury. The court of appeals also correctly noted that, while excluding the expert testimony, the trial court admitted Petitioner's own description of his head injury and resulting symptoms, as well as evidence of prior circumstances in which he had been injured and experienced the same symptoms. While this Court might have reached a different conclusion at trial regarding the relevance and significance of the expert's testimony, it is not for this Court to rebalance the evidentiary considerations reached by the trial court, but only to correct constitutional error. The state court's decision was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

(R&R, ECF No. 9 at PageID.1421).

Petitioner's various arguments based on other cases involving different circumstances does not change the result or demonstrate error in the Magistrate Judge's analysis under the standards for habeas relief and the circumstances of this case. Petitioner's objection is denied.

## II. Prosecutorial Misconduct

Petitioner objects to the Magistrate Judge's conclusion that he is not entitled to relief on his second ground raised—that "the prosecutor committed misconduct by improperly commenting on his right to remain silent and his right to request the assistance of counsel," because "the Michigan Court of Appeals' rejection of Petitioner's claim of prosecutorial misconduct was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent" (R&R, ECF No. 9 at PageID.1424, 1433). Petitioner first takes issue with the Magistrate Judge's statement that Petitioner raises concerns about three different types of evidence and substantially conflates those claims (Obj., ECF No. 10 at PageID.1440; R&R, ECF No. 9 at PageID.1424). However, Petitioner raises no discernable objection in this regard, and in fact, continues to conflate the evidence and the authority in arguments that fail to account for critical distinctions.

The Magistrate Judge conducted a thorough analysis of Petitioner's prosecutorial misconduct claims. The Magistrate Judge provided an explication of the governing law and the Michigan Court of Appeals' consideration of the issues raised by Petitioner. At the outset, the Magistrate Judge observed that, "[i]n general, a defendant's decision to remain silent cannot be used as substantive evidence of guilt," and that "[t]his rule clearly applies to a defendant's silence after the defendant has been advised of his rights and actually invokes the right to remain silent" (R&R, ECF No. 9 at PageID.1427).

However, the Magistrate Judge noted that in *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009), the Sixth Circuit determined that "it is not clearly established by the Supreme Court that

4

the substantive use of both Petitioner's pre-arrest and his post-arrest, pre-*Miranda* silence violated his right to silence" (R&R, ECF No. 9 at PageID.1428).

The Magistrate Judge stated: "[m]oreover, the prosecutor's use of Petitioner's pre-arrest and pre-*Miranda* silence to impeach Petitioner was proper" (R&R, ECF No. 9 at PageID.1428, citing *Doyle v. Ohio*, 426 U.S. 610 (1976) (barring the use of silence, after receiving *Miranda* rights, for impeachment purposes)). "The Supreme Court has declined to extend *Doyle* to circumstances other than post-*Miranda* exercises of silence" (*id*. at PageID.1429). The Magistrate Judge noted that in this case, "although Petitioner unquestionably was placed under arrest as soon as he got out of his father's car, he was not instructed about his rights under *Miranda*, because he immediately invoked his right to counsel" (*id*.). Thus, under the authority set forth in the Report and Recommendation, "Petitioner is not entitled to habeas relief on his claims that the prosecutor had improperly impeached him on the basis of his post-arrest, pre-*Miranda* silence, or improperly used that silence as substantive guilt, because neither is contrary to or an unreasonable application of established Supreme Court precedent (*id*. at PageID.1429-1430).

The Magistrate Judge additionally determined: "Moreover, even if the law proscribed the use of pre-*Miranda* silence for any purpose, the facts belie Petitioner's claim that errors by the prosecutor amounted to prosecutorial misconduct under the standard established by the Supreme Court …" (*id*. at PageID.1430). The Magistrate Judge thereafter considered each of Petitioner's claims in detail (*id*. at PageID.1430-1432), observing that the trial court "squarely disallowed the prosecutor from using Petitioner's pre-arrest silence and post-arrest, pre-*Miranda* silence as substantive evidence of his guilt" (*id*. at PageID.1432). The Magistrate Judge thus concluded that Petitioner was not entitled to habeas relief on the ground of prosecutorial misconduct.

In his objection, Petitioner asserts that "[t]he R & R errs on the critical point that adverse elicitation by the prosecution, as substantive evidence in its case and chief [sic], and comment upon, a Petitioner's post-arrest, post-invocation silence is not cognizable on habeas because there is not a specific and clear statement by the United States Supreme Court on the point" (Obj., ECF No. 10 at PageID.1440)  Petitioner enumerates several disjointed arguments, but as noted, these arguments conflate the evidence and the legal contexts and fail to provide any clear, reasoned argument that undermines the Magistrate Judge's analysis or conclusions.

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b).  District courts need not provide de novo review of frivolous, conclusive or general objections.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (noting that the practice of incorporating prior arguments into objections to a magistrate judge's report is disfavored).  When the district court's attention is not focused on specific issues for review, the initial referral to the magistrate judge is made useless; the duplication of time and effort wastes judicial resources rather than saving them.  *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997).  Petitioner's objection fails in these respects.

As noted, the Magistrate Judge relied on the rule in *Hall*, 563 F.3d 222, observing that the Supreme Court has not addressed the constitutionality of using a defendant's pre-*Miranda* silence as substantive evidence of guilt (R&R, ECF No. 9 at PageID.1428).  Petitioner asserts the Magistrate Judge's reliance on *Hall* is misplaced and *Hall* is "simply not on point" because "no

critical invocation of Fifth and Sixth Amendment rights" was present in *Hall*, as here (Obj., ECF No. 10 at PageID.1440-1441). Petitioner's cursory, conclusory argument fails to present any point in valid objection to the Report and Recommendation based on the specific circumstances of his case and supporting authority.

Likewise, with regard to using a defendant's pre-*Miranda* silence for impeachment purposes, the Magistrate Judge cited the Supreme Court's analysis in *Doyle*, and later holdings in *Salinas*, *Jenkins*, and *Fletcher* to support her conclusion (R&R, ECF No. 9 at PageID.1429). Petitioner objects to the Magistrate Judge's reliance on "*Salinas*, *Jenkins*, and *Fletcher*" because they do not "speak[] to a situation where, as here, a defendant specifically invokes his Fifth and Sixth Amendment rights at arrest" (Obj., ECF No. 10 at PageID.1441). This cursory argument fails for the reason discussed above regarding Petitioner's challenge to the Magistrate Judge's reliance on *Hall*.

Petitioner next asserts that "the R & R ignores the well accepted AEDPA doctrine that an unreasonable application occurs where 'the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply'" (Obj., ECF No. 10 at PageID.1441; citations omitted). Petitioner, however, points to no error in the Magistrate Judge's specific analysis of the alleged instances of prosecutorial misconduct at issue, and instead merely cites his "original briefing" at pages 64-65 to allege general error in this case, stating:

> [T]he clear teaching of the United States Supreme Court decisions in *Doyle*, *Salinas*, *Griffin*, *Edwards*, and *Smith* is that, whether the right to custodial silence was exercised after warnings, or by clear assertion or invocation of the right to counsel or silence prior to formal warnings, it is a violation of the federal constitution to use that silence to prove guilt. That is precisely what was done here by the prosecution.

7

(*id*. at PageID.1442). Petitioner provides no citations to the specific portions of the cases, and fails to articulate what portions of those cases are in conflict with the Magistrate Judge's analysis or conclusion. Such conclusory argument falls short of Petitioner's burden to demonstrate an error on objection to the Report and Recommendation.

Lastly, Petitioner objects to the Report and Recommendation because it "simply erred in stating the salient facts, as did the state appellate court" (Obj., ECF No. 10 at PageID.1442). Petitioner again relies on his original brief at pages 67-71, for the specifics of the "critical improper questioning and argument" (*id*.). This general assertion does not constitute proper objection.

In sum, Petitioner's arguments lack any specific foundation or analytical context based on his case. Petitioner attempts to distinguish the present case from the cases cited by the Magistrate Judge, but fails to address this authority in the context of the Magistrate Judge's analysis. Petitioner fails to show that the cases cited in the Report and Recommendation are materially distinguishable, when considered in the proper context, and has failed provide any specific authority that supports his conclusory statements.

### III. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.

Upon examination of each of Petitioner's claims under the standards set forth in *Slack*, the Magistrate Judge found "that reasonable jurists could conclude that this Court's denial of Petitioner's first ground for relief is debatable or wrong," and "therefore recommend[ed] granting a certificate of appealability on Petitioner's claim that he was denied his right to present a defense" (R&R, ECF No.9 at PageID.1433-1434).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). The COA inquiry is not coextensive with a merits analysis. *Id.*; *Orrick v. Macauley*, No. 19-1240, 2019 WL 2454856, at *2 (6th Cir. May 8, 2019). "[T]he only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003)); *see also Orrick*, 2019 WL 2454856, at *2 ("the certificate of appealability analysis is limited 'to a threshold inquiry into the underlying merit of [the] claims,' and whether 'the District Court's decision was debatable'") (quoting *Buck*, 137 S. Ct. at 774 (alteration in original) (quoting *Miller-El*, 537 U.S. at 327, 348)).

The Magistrate Judge reviewed the issues presented in the first instance and is informed of Petitioner's allegations of error, the record, and the governing authority. No objection has been made to the recommended grant of a certificate of appealability on Ground I. The Court therefore adopts the Magistrate Judge's recommendation. A certificate of appealability will be granted as

to Petitioner's first ground for relief, the right to present a defense, but a certificate of appealability is denied as to the second ground for relief, prosecutorial misconduct.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 10) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is GRANTED as to Petitioner's first ground for relief, the right to present a defense, but a certificate of appealability is DENIED as to the second ground for relief, prosecutorial misconduct.

Dated: August 8, 2019

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge